IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL MINERD,

      Plaintiff,                      06cv455

v.                              **ELECTRONICALLY FILED**

BDI MARKETING,
KAREN WINDLE-BURCHAM,
DEBBIE CUZZORT,
LORI YENCHIK,

      Defendants.

### MEMORANDUM OPINION

**February 6, 2007**

      Plaintiff Michael Minerd, *pro se*, filed a motion to proceed *in forma pauperis* on his complaint against BDI Marketing, Karen Windle-Burcham, Debbie Cuzzort and Lori Yenchik, which sets forth products liability and personal injury claims. This Court granted the motion to proceed IFP on May 5, 2006, and also on that date, dissolved the Rule to Show Cause it had issued requiring plaintiff to file a more specific Amended Complaint detailing the citizenship of defendants and the amount in controversy or be dismissed.

      Plaintiff's Amended Complaint withdrew any claims against defendant Lori Yenchik, who appears to be a Pennsylvania citizen, adequately alleged diversity of citizenship of the remaining defendants and the requisite jurisdictional amount, and clarified his jurisdictional predicate as based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

      Plaintiff's Amended Complaint alleges that BDI manufactures, distributes or sells "Mini-Thins," a product containing Ephedrine, and that defendants Karen Windle-Burcham and Debbie Cuzzort are, respectively, the President and Vice-President of BDI. Plaintiff also claims he had

an affair with Lori Yenchick, who "introduced" him to Mini-Thins to help him lose weight. The Mini-Thins, plaintiff claims, made him paranoid and delusional. Plaintiff claims that Ms. Yenchick gave him a gun and warned him that her husband was irrate and armed, that plaintiff went to see Mr. Yenchik in a paranoid and delusional state, drew his pistol, and that "shots were fired" which ended Mr. Yenchik's life.

Plaintiff was convicted of murder of the first degree by a jury of the Court of Common Pleas of Westmoreland County, Pennsylvania, on May 10, 1996, and currently is serving a life term of imprisonment. Plaintiff seeks, *inter alia*, a declaratory judgment, injunctive relief and monetary damages against defendants arising from his sentence of life imprisonment and other harms. The Court will now dismiss plaintiff's Amended Complaint as legally frivolous.

Screening pursuant to 28 U.S.C. § 1915

Section 1915 (e)(2), 28 U.S.C. § 1915(e)(2), provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)) was clarified by the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id.* at 327. Section 1915A obligates the Court to screen an IFP prisoner's

complaint as soon as practicable after docketing, and to dismiss the action if at any time it appears, *inter alia*, that the action is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915A(b)(1). Although much of the language in the current in forma pauperis statute, 28 U.S.C. § 1915 and § 1915A, deals with prisoners, section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*, 956 F.Supp. 564, 566 (M.D. Pa. 1997).

The Court has the inherent power to grant a dismissal based on the legal insufficiency of a claim, and may exercise this power on its own initiative. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*"). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal is proper only when the claim clearly appears to be either immaterial and solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous), *quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666-67 (1974) (some federal questions are so "insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court. . . ."); *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (even if a party does not make a formal motion to dismiss, the court may, *sua sponte*, dismiss the complaint where the inadequacy of the complaint is clear).

The Court has *serious* doubts that plaintiff would be able to support a viable products liability/personal injury lawsuit in Pennsylvania against the manufacturer or distributors of Mini-Thins which, as he alleges, made him paranoid and caused him to murder his lover's husband but, assuming for the sake of argument only, that he can support such claim, it is quite untimely

under the prevailing statute of limitations.

Where federal jurisdiction in a civil action is based on diversity of citizenship, the Court must apply the substantive law of the forum state. *Erie RR Co. v. Tompkins*, 304 U.S. 64 (1938); *Melville v. American Home Assurance Co.*, 584 F.2d 1306 (3d Cir. 1978). In Pennsylvania, personal injury claims based on either negligence or strict liability must be commenced within two years after the claim *accrues*, and as a rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. *Ingenito v. AC & S, Inc.*, 633 A.2d 1172, 1174 (Pa.Super. 1993). Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises. *Id*. Lack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations. *Id.*, quoting *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468, 471 (1983).

The statute of limitations in Pennsylvania for products liability/personal injury claims is two years. 42 Pa.C.S. § 5524(2,7). Furthermore, the running of the statutory period in which to file suit ordinarily begins at the time an injury is sustained. *Bohus v. Beloff*, 950 F.2d 919 (3d Cir. 1991). A plaintiff need not know the exact medical cause of an injury, nor that the injury is due to another's negligent conduct, nor that a cause of action exists before the statutory period will begin to run. *Id*. Rather, "once a plaintiff possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim," thus causing the statutory period to commence. *Berardi v. Johns-Manville Corp.*, 334 Pa. Super. 36, 482 A.2d 1067 (1984).

Sometimes the accrual date may be later than the date injury occurs, and the claim might

not accrue until such time that a reasonable person would have become aware that defendant's conduct caused the injury.  See, e.g., *O'Brien v. Eli Lilly & Co.*, 668 F.2d 704 (3d Cir. 1982) (plaintiff's complaint was barred under two-year statute of limitations where she did not file complaint until over three years after she had read magazine article describing connections between drug and cancer and had discovered information which, through exercise of due diligence, should have alerted her to potential cause of action); *Dreischalick v. Dalkon Shield Claimants Trust*, 845 F.Supp. 310 (W.D.Pa. 1994) (products liability cause of action accrued, for purposes of Pennsylvania two-year statute of limitations, no later than date of consumer's second surgery to correct gynecological problems).

The latest date on which plaintiff became aware of his potential claim against the manufacturers and distributors of Mini-Thins was on May 24, 2002.  After plaintiff was convicted and sentenced to life imprisonment, he filed a petition under the Pennsylvania Post Conviction Relief Act, which was denied by the Court of Common Pleas on February 1, 2000, and on appeal by the Pennsylvania Superior and Supreme Courts.  Plaintiff filed a pro se second PCRA petition on June 24, 2002, based on evidence which he claimed was "newly discovered," namely, "evidence that was made known to him on May 24, 2002, during a television program called 48 HOURS." Brief for Appellant, Pro Se, 2002 WL 32337831, at page 9, in Superior Court of Pennsylvania, *Commonwealth v. Minerd*, 833 A.2d 1148 (Pa. Super. 2004).  This episode of "48 Hours" apparently discussed the dangerous side-effects of Ephedrine, an ingredient in Mini-Thins, including "dangers of paranoia and/or psychological loss of control through results of paranoia and/or psychosis."  Brief for Appellant, Pro Se, 2002 WL 32337831, at page 13, in Superior Court of Pennsylvania, *Commonwealth v. Minerd*, 833 A.2d 1148 (Pa.

Super. 2003).

The Court of Common Pleas of Westmoreland County and Pennsylvania Superior Court rejected plaintiff's newly discovered "Mini-Thins defense," and the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Minerd*, 833 A.2d 1148 (Pa. Super. August 14, 2003), allowance of appeal denied, 847 A.2d 1282 (Pa. March 17, 2004).

By his own judicial admissions, plaintiff actually discovered the potential claims against the distributers of Mini-Thins when the 48 Hours television program aired on May 24, 2002, and that is the *latest* date on which any claims against the manufacturer and distributors of Mini-Thins accrued. Plaintiff did not initiate this federal court lawsuit until April 7, 2006. Because any conceivable claim he might have against the manufacturer and distributors of Mini-Thins is hopelessly untimely, his complaint must be dismissed as legally frivolous.

An appropriate order will be entered.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Michael Minerd, Pro Se
CZ 8944/AB-2061
S.C.I. at Fayette
P.O. Box 9999
LaBelle, PA 15450-0999